## PALO v. WEEDIN, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4613.

1. **Aliens** ⊂⊃23(1)—**"Chinese laborer" within purview of Exclusion Act, though a Philippine citizen owing allegiance to United States.**

In view of Act Sept. 13, 1888, § 1, and under express provisions of Act April 27, 1904, § 5 (Comp. St. § 4337) which is continued in effect by Immigration Act Feb. 5, 1917, § 38 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u), and Immigration Act May 26, 1924, § 25 (Comp. St. Supp. 1925, § 4289¾ll), "Chinese laborers" who are not citizens of United States are not entitled to admission from island territory, and are within purview of such act, though citizens of the Philippines owing allegiance to United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chinese Laborer.]

2. **Aliens** ⊂⊃23(1)—**Applicant for entry held to be Chinese laborer, within exclusion laws, and not Filipino, as contended, by reason of birth by Filipino mother.**

Where applicant for entry to United States contended he was illegitimate son of Filipino mother and Chinese father, born in Philippine Islands, and that therefore he took status of mother as a Philippine citizen, testimony being insufficient to overcome presumption of legitimacy, applicant took status of Chinese father and was a Chinese laborer, within exclusion law, Act April 27, 1904, § 5 (Comp. St. § 4337), as continued in effect by Act Feb. 5, 1917, § 38 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u), and Act May 26, 1924, § 25 (Comp. St. Supp. 1925, § 4289¾ll).

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

A petition by Paulo Palo for writ of habeas corpus to be directed to Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash., to secure release from order of deportation, was denied (3 F.[2d] 44), and applicant appeals. Affirmed.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. One Paulo Palo applied for admission to the United States, presenting a passport issued by the Governor General of the Philippine Islands, requesting all whom it might concern to permit Palo, a citizen of the Philippine Islands, owing allegiance to the United States, safely and freely to pass, and in case of need to give him all lawful aid and protection. The application for admission was denied by the immigration authorities, and by the court below on habeas corpus, on the ground that the appellant was a Chinese laborer, not entitled to admission to the United States under the exclusion laws. In support of his appeal to this court the appellant contends that as a citizen of the Philippine Islands he owes allegiance to the United States, is not an alien, and is therefore not within the purview of either the exclusion laws or the immigration laws. In view of the large number of Chinese on the island territory, subject to the jurisdiction of the United States, the question thus presented is far-reaching and important.

[1] We must concede, of course, that a

citizen of the Philippine Islands owes allegiance to the United States and is not an alien, but nevertheless, in our opinion, the further contention of the appellant cannot be sustained. Section 1 of the Act of September 13, 1888 (25 Stat. 476), provides that from and after the date of the exchange of the pending treaty between the governments of the United States and China it shall be unlawful for any Chinese person, whether a subject of China or any other power, to enter the United States, except as thereinafter provided. By section 5 of the Act of April 27, 1904 (33 Stat. 428 [Comp. St. § 4337]), all laws in force on April 29, 1902, prohibiting the coming of Chinese persons or persons of Chinese descent into the United States, and the residence of such persons therein, were re-enacted, extended, and continued in force without modification, limitation, or condition, and it was further expressly provided that all such laws should apply to the island territory under the jurisdiction of the United States, and the immigration of Chinese laborers, not citizens of the United States, from such island territory to the mainland territory, was prohibited, whether in said island territory at the time of cession or not. This act was continued in effect by section 38 of the Immigration Act of February 5, 1917 (39 Stat. 897 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u]), and likewise by section 25 of the Immigration Act of May 26, 1924 (43 Stat. 166 [Comp. St. Supp. 1925, § 4289-¾ll]). Under the express provisions of the act of 1904, therefore, Chinese laborers who are not citizens of the United States are not entitled to admission to the mainland of the United States from the island territory. The appellant is not a citizen of the United States, and it only remains to consider whether he is a Chinese laborer and belongs to the excluded class.

[2] The appellant contends that he is the natural son of a Filipino mother and a Chinese father born in the Philippine Islands, and that, being a natural or illegitimate son, he took the status of his mother. Alberty v. United States, 162 U. S. 499, 16 S. Ct. 864, 40 L. Ed. 1051. If we concede the premise, the conclusion might follow; but the only testimony offered in support of the claim that he is a natural or illegitimate son was the following: He was asked how it was that he had no Chinese name, if his father was a Chinese, and he answered: "Because my father and mother did not go through the regular marriage." Assuming that the lack of marriage, as well as marriage itself, may be proved by reputation or hearsay, the testimony so given was wholly insufficient to overcome the presumption in favor of legitimacy. The father of the appellant was a Chinese person, and under the established rule of the common law the appellant took and has the same status. If this be true, the appellant, not being a citizen of the United States, belongs to the excluded class, and is not entitled to admission to the mainland of the United States from the island territory.

The order of the court below is therefore affirmed.